# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4539 | **DATE** | August 6, 2010 |
| **CASE TITLE** | Danny Lavon Lewis (#2010-0424217) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [3] is granted. The initial partial filing fee is waived. The complaint is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915A. This case is closed. Plaintiff's motion for the appointment of counsel [4], and any other pending not addressed in this order, are denied as moot. The dismissal of the complaint counts as one of Plaintiff three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　Plaintiff, Danny Lavon Lewis (#2010-0424217), an inmate at the Cook County Jail, has filed this 42 U.S.C. § 1983 action against Sheriff Tom Dart and Cook County Jail Executive Director Salvador Godinez. Plaintiff alleges that, on June 23, 2010, while handcuffed, he slipped on a puddle of water on the floor. He alleges that he injured his hand, that he was taken to Cermak Health Services, and that he received pain medication.

　　Plaintiff's *in forma pauperis* application reveals that he is unable to prepay the $350 filing fee or pay an initial partial filing fee. The Court grants the *in forma pauperis* motion and waives the initial partial filing fee. The Court authorizes the trust fund officer at Plaintiff's place of confinement to collect monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and trust fund officers at the Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

　　Although Plaintiff may proceed *in forma pauperis*, preliminary review of his complaint reveals that it must be dismissed for failure to state a claim. Plaintiff's case involves only a claim that there was water on the floor of the jail without any kind of warning sign. A § 1983 claim must be based upon a constitutional violation. Plaintiff's claims, at best, allege only negligence, which does not support a federal § 1983 action. *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007); *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007). Plaintiff may have a state-law claim of negligence, but such a claim, by itself, does not support a federal cause of action. **(CONTINUED)**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　lsk

## STATEMENT

Accordingly, Plaintiff complaint is dismissed pursuant to 28 U.S.C. § 1915A(b). The dismissal is with prejudice. Allowing Plaintiff to submit an amended complaint in this case would be futile. *See Brunt v. Service Employees Intern. Union*, 284 F.3d 715, 720-21 (7th Cir. 2002) (a court need not allow an amended complaint if it would not cure deficiencies of a prior complaint). Also, the dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or for failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).